UNITED STATES of America,
Plaintiff–Appellee,

v.

Shi PENG, Defendant–Appellant.

No. 00–10132.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 10, 2001*.

Decided Jan. 19, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before GOODWIN, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM**

Defendant Shi Peng appeals from the district court's denial of his motion to dismiss the indictment and from subsequent convictions for conspiracy and attempted alien smuggling on the grounds that his Sixth Amendment right to compulsory pro-

cess and Fifth Amendment right to due process were violated when the government repatriated potentially exculpatory witnesses prior to the appointment of defense counsel. We affirm.

■ To establish a constitutional violation under these circumstances, Defendant must satisfy a two-pronged test. *United States v. Dring,* 930 F.2d 687, 693 (9th Cir.1991). First, Defendant must make an initial showing that the government acted in bad faith. *Id.* Second, Defendant must make "'a plausible showing that the testimony of the deported witnesses would have been material and favorable to his defense, in ways not merely cumulative to the testimony of available witnesses.'" *Id.* at 693–94 (quoting *United States v. Valenzuela–Bernal,* 458 U.S. 858, 873, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982)).

■ We need not address the second prong because Defendant fails to show that the government acted in bad faith. There is no evidence in the record that suggests the government repatriated any witness it believed to have exculpatory testimony. To the contrary, the government convincingly argues that the witnesses it repatriated to China were of little value to either side because they spent most of their time in the vessel's hold, many of them sick. Moreover, the record suggests that the government's failure to interview and prepare reports on all the repatriated Chinese nationals was the result of the difficult circumstances confronting government agents with limited resources, and not the result of a scheme to obtain a tactical advantage over Defendant. Finally, there is no evidence in the record that the government did not follow proper re-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

patriation procedures.[1]

AFFIRMED.

---

1. Defendant's contention that the government failed to follow proper *deportation* procedures is unpersuasive because the aliens never entered the immigration boundaries of the United States. *See Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States,* § 503(a), March 24, 1976, Pub.L. No. 94–241, 90 Stat. 263, *reprinted in* 48 U.S.C. § 1801

note (stating that the immigration and naturalization laws of the United States do not apply to the Commonwealth of the Northern Mariana Islands).